# EXHIBIT C

IN THE SUPREME COURT OF ERIE COUNTY, NEW YORK
CIVIL DIVISION

| | |
|---|---|
| ASHLEY CHILDS <br> (Plaintiff) <br><br> vs. <br><br> ROSWELL PARK CANCER INSTITUTE CORPORATION <br> (Defendant) | * <br> * <br> * <br> *  Case/Index# _____ <br> * <br> * |

## COMPLAINT

**PLAINTIFF, ASHLEY CHILDS**, by and through the undersigned counsel, asserts the following:

### I. JURISDICTION AND VENUE

1. This Court has general jurisdiction over civil actions in New York State for claims of this nature. Additionally, venue is proper because the Plaintiff is located in Erie County, New York.

### II. PARTIES

1. **Plaintiff Ashley Childs** ("Plaintiff") is a citizen of the United States and a resident of Erie County, New York who is over the age of majority.

2. Made Defendant(s) herein is/are:

(a) **Roswell Park Cancer Institute Corporation**, ("Roswell") is a health care provider operating in the State of New York and the events giving rise to this civil action occurred in Erie County, New York.

1

### III. FACTUAL ALLEGATIONS

1. In September 2021, Plaintiff was employed at Roswell as a Clinic Liaison at the Roswell campus located at 665 Elm Street, Buffalo, Erie County, New York 14263.

2. Plaintiff worked for Roswell for at least three years, both as a temporary employee and a subsequent direct hire. During her time at Roswell, Plaintiff received no disciplinary infractions, write-ups, or corrective actions.

3. In September 2021, Roswell implemented a company-wide mandate that every employee had to receive the COVID-19 vaccine in order to continue working there. Plaintiff submitted a Religious Exemption Form and supplement narrative (Ex 1 – Sept 2021 RE Form and Supplement).

4. This religious exemption was granted on or about October 14, 2021. (Ex 2 – Email Granted Exemption). Plaintiff continued to work at Roswell in her position without incident.

5. On November 30, 2021, Plaintiff received a forwarded email stating that protocols had again changed and that the vaccine was a requirement again and that all employees who did not receive at least their first dose of the vaccine by December 6, 2021 would be terminated. (Ex 3 – Email re Termination).

6. Plaintiff was, indeed, terminated on December 6, 2021. Again, during her time at Roswell, Plaintiff received no disciplinary infractions, write-ups, or corrective actions. Her termination was purely due to her refusal to take the COVID-19 vaccine and Roswell's denial of a reasonable accommodation based on Plaintiff's religious beliefs. Lastly, Plaintiff reapplied for a position with Roswell, but was denied on November 15, 2023. (Ex 4 – Email Rejecting Job Application). Plaintiff asserts that this denial was not based on any skills or

talent assessment, but was motivated solely by Plaintiff's prior choice to maintain her religious beliefs and deny the COVID-19 vaccine.

7. A Notice of Claim was submitted by Plaintiff via counsel and counsel for Roswell responded thereto. After reviewing the facts and circumstances, Roswell issued a denial of the claim via counsel. All other attempts to resolve the dispute have failed. This suit follows.

## IV. CAUSES OF ACTION

### A. 42 USC 2000- TITLE VII –RELIGIOUS ACCOMMODATION DENIAL

8. Plaintiff adopts all preceding paragraphs and incorporates them by reference in this claim.

9. Title VII of the Civil Rights Act of 1964 makes it unlawful for covered employers to fail to refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment because of such individual's religion. Title VII requires an employer that denies a religious accommodation to show that the burden of granting an accommodation "would result in substantial increased costs in relation to the conduct of its particular business"[1]. As stated above, Plaintiff was terminated solely because of failure to take the COVID-19 vaccine, an accommodation that was previously granted, and she was not rehired despite legal rulings mandating such in similar cases. Moreover, subsequent to her termination, federal courts have allowed cases of this very nature to proceed to verdict because such conduct violates a person's right to religious freedom. (Ex 5 – Vaccine Termination Jury Award). **Consequently, the Defendant is liable for this claim.**

---

[1] *Groff v. DeJoy*, 600 U.S. 447 (2023).

3

### B. VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW (NYSHRL)

10. Plaintiff adopts all preceding paragraphs and incorporates them by reference in this claim.

11. It violates the New York State Human Rights Law to deny an employee an accommodation for a religious belief or to refuse to hire a person based on her religious beliefs if said beliefs do not interfere with her ability to perform the functions of the job. As stated above, Plaintiff was terminated solely because of failure to take the COVID-19 vaccine, an accommodation that was previously granted, and she was not rehired despite legal rulings mandating such in similar cases. (Ex 6 – 8/28/24 Article). Thus, New York has already condemned such conduct at the state level, but Roswell has still discriminated against Plaintiff in this manner. **Consequently, the Defendant is liable for this claim.**

### V. DAMAGES

As a result of Defendant's actions, Plaintiff sustained temporary lost wages, mental discomfort, loss of enjoyment of life, mental anguish, loss of convenience and time and any other tangible and intangible damages that may be revealed through discovery.

### PRAYER FOR RELIEF

**FOR THESE REASONS, PLAINTIFF, ASHLEY CHILDS,** prays for the following relief:

a) To have all issues and claims asserted herein tried by a jury;

b) To have a judgment entered in Plaintiff's favor and against the Defendant in the amount of **$300,000**;

c) An award for attorney's fees and litigation costs;

d) Any other relief that Plaintiff is entitled to.

4

Respectfully Submitted:
Attorney for Plaintiff

/s/ Mark Overall *M. Overall*
Mark A. Overall, Esq.

**UNITED LEGAL FIGHTERS**
3960 Harlem Road, Suite 4
Buffalo, New York 14226
Cell: 716.777.6554
Email: askmarkesq@gmail.com

## VERIFICATION

I, Ashley Childs, do affirm under the penalty of perjury, the following:

1. I am the Plaintiff in this civil action;

2. I have read the foregoing and know the contents herein;

3. The contents of the foregoing are true and accurate to my knowledge, except as to those matters stated to be alleged upon information and belief, and that those matters I also believe to be true and accurate.

_____
Ashley Childs, Plaintiff

## CERTIFICATE OF SERVICE

I certify that I will serve a copy of the foregoing on the following parties:

/s/ Mark A. Overall *M. Overall*
Mark A. Overall, Esq.
Attorney for Plaintiff

ATTN: Administration/Legal Counsel
Roswell Park Cancer Institute Corporation
665 Elm Street
Buffalo, New York 14221

(Alternatively: Michael E. Hickey, Esq., Bond Schoeneck & King, Counsel for Defendant)

5